KAREN P. HEWITT
United States Attorney
PETER J. MAZZA
Assistant U.S. Attorney
California State Bar No. 239918
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5528 / (619) 235-2757 (Fax)
Email: peter.mazza@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR3190-JAH |
| | ) | |
| Plaintiff, | ) | Date: January 14, 2008 |
| | ) | Time: 8:30 a.m. |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE AND |
| JOSE REYMUNDO | ) | OPPOSITION TO DEFENDANT'S |
| CONTRERAS-HERNANDEZ, | ) | MOTION TO: |
| | ) | |
| Defendant. | ) | |
| | ) | (1)   COMPEL DISCOVERY; |
| | ) | (2)   DISMISS INDICTMENT; |
| | ) | (3)   SUPPRESS STATEMENTS; AND |
| | ) | (4)   LEAVE TO FILE FURTHER |
| | ) |          MOTIONS |
| | ) | |
| | ) | |
| | ) | TOGETHER WITH MEMORANDUM OF |
| | ) | POINTS AND AUTHORITIES. |
| | ) | |
| _____ | ) | |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and Peter J. Mazza, Assistant U.S. Attorney, and hereby files its Response and Opposition to the motions filed on behalf of the above-captioned defendant. This Response and Opposition is based upon the files and records of this case.

07CR3190-JAH

**I**

**INDICTMENT**

On November 23, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Jose Reymundo Contreras-Hernandez ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. The Indictment further alleged that Defendant had been removed from the United States subsequent to October 28, 2005.

**II**

**STATEMENT OF FACTS**

**A.   THE INSTANT OFFENSE**

On October 27, 2007, United States Supervisory Border Patrol Agent Mark E. Noland was conducting assigned patrol duties in the Campo Border Patrol Stations area of operations. At approximately 3:00 a.m., Agent Noland responded to a seismic intrusion device located on a trail known to be used by illegal aliens to further their illegal entries into the United States. The seismic intrusion device is located approximately nine miles east of the Tecate, California Port of Entry and approximately 13 miles north of the United States/Mexico international boundary.

Upon arriving at the location of the seismic intrusion device, Agent Noland observed fresh footprints headed in a north-bound direction. Agent Noland followed the footprints north until he came upon a group of ten individuals attempting to conceal themselves. Agent Noland identified himself as an United States Border Patrol agent. He then questioned each individual regarding their immigration status. All ten individuals, including Defendant, stated that they

were citizens and nationals of Mexico without any documents to allow them to enter or remain in the United States legally. Defendant and the other nine individuals were taken into custody and transported to the Campo, California Border Patrol Station.

At the station, Defendant's personal information was entered into immigration and criminal history databases. Defendant's identity was confirmed, along with his criminal and immigration histories.

At approximately 3:00 p.m., Agents informed Defendant of his *Miranda* rights. Defendant invoked those rights. No questions were asked of Defendant.

**B.   DEFENDANT'S IMMIGRATION HISTORY**

Defendant is a citizen of Mexico who was physically removed from the United States through the San Ysidro, California Port of Entry to Mexico on September 27, 2007.

**C.   DEFENDANT'S CRIMINAL HISTORY**

Defendant was convicted of Solicitation to Commit Murder, in violation of California Penal Code Section 653F(B) by a California Superior Court in Santa Cruz, California on October 28, 2005.

**III**

**POINTS AND AUTHORITIES**

**A.   DEFENDANT'S MOTION FOR DISCOVERY SHOULD BE DENIED EXCEPT AS PROVIDED BELOW**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has produced 33 pages of written discovery and one dvd. The discovery includes, inter alia: (1) reports generated at the time of arrest; (2) Defendant's apprehension history; (3) Defendant's rap sheet; and (4) a dvd of

Defendant's post-arrest interview.

### 1. Statements of Defendants

The Government will fully comply with Federal Rule of Criminal Procedure 16(a)(1)(A) by providing defendant statements.

### 2. Arrest Reports, Notes, Dispatch Tapes

The Government has provided Defendant with incident and arrest reports. Defendants are not entitled to rough notes generally because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness's assertions and they have been approved or adopted by the witness. United States v. Bobadilla-Lopez, 954 F.2d 519 (9th Cir. 1992); United States v. Spencer, 618 F.2d 605 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932 (9th Cir. 1981).  However, the Government does not object to the preservation of rough notes, if any exist.

### 3. Brady Material

The Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963) in providing information material to guilt or punishment.

### 4. Information That May Result in a Lower Sentence

The Government is not aware of any such information.

### 5. Prior Criminal Record

The Government has provided Defendant with his known criminal record.

### 6. Federal Rules of Evidence 404(b) and 609

 The Government has and will disclose the existence of any Rule 404(b) or 609 evidence, if any, prior to trial.  The Government will

1 continue to comply with its discovery obligations regarding
2 defendant's prior arrests.  Defendant is not generally entitled to
3 "TECS" records.

**7.   Evidence Seized**

The Government will comply with Federal Rule of Criminal Procedure 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of Defendant's defense or are intended for use by the government as evidence in chief at trial, or were obtained from or belong to the defendants.

The Government, however need not produce rebuttal evidence in advance of trial.  United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

**8.   Preservation of Evidence**

The Government will preserve the evidence in this case.

**9.   Henthorn Information**

The United States will comply with the requirements of United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  The prosecutor assigned to the case, however, is under no obligation to personally examine the personnel files of testifying agents.  See United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992).

**10.   Tangible Evidence**

The Government will comply with Fed.R.Crim.P. 16(a)(1)(E) in providing Defendant an opportunity to inspect and copy the evidence.

**11.      Expert Witnesses**

The Government will comply with Rule 16(a)(1)(G) pertaining to

07CR3190-JAH

expert witnesses.

**12.  Evidence of Bias or Motive to Lie**

As stated above, the Government will comply with its obligations under <u>Brady</u> and <u>Giglio</u>.  The Government knows of no bias, prejudice or other motivation to testify falsely or impairments of its witnesses, but will make appropriate disclosures if such information should become known.  See <u>Napue v. Illinois</u>, 360 U.S. 264 (1959); <u>Mooney v. Holohan</u>, 294 U.S. 103 (1935).

**13.  Impeachment Evidence**

As noted above, the Government will comply with its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

However, under <u>Brady</u>, and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), the Government must only disclose <u>exculpatory</u> evidence <u>within its possession</u> that is <u>material</u> to the issue of guilt or punishment. See also <u>United States v. Gardner, 611 F.2d 770, 774 (9th Cir. 1980).</u> Defendants are not entitled to all evidence  which is or may be favorable to the accused or which pertains to the credibility of the Government's case.  <u>Gardner</u>, 611 F.2d at 774-775.

Defendant requests the Government provide the criminal record of witnesses the Government intends to call and any information relating to a criminal investigation of a witness.  Although the Government will provide conviction records, if any, which could be used to impeach a witness, the Government is under no obligation to turn over the criminal records of all witnesses.  <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976), <u>cert</u>. <u>denied</u>, 429 U.S. 1074 (1977). When disclosing such information, disclosure need only extend to

07CR3190-JAH

witnesses the Government intends to call in its case-in-chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

The Government will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify. Defendants are not entitled, however, to any and all evidence that a prospective witness is under investigation by federal, state or local authorities for misconduct.

**14.   Evidence of Criminal Investigation of Any Government Witness**

Defendant cites no authority in this Circuit or under the Federal Rules for this request.

**15.   Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity**

The Government will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

**16.   Witness Addresses**

While the Government <u>may</u> supply a tentative witness list with its trial memorandum, it objects to providing home addresses. <u>See</u> <u>United States v. Sukumolachan</u>, 610 F.2d 685, 688 (9th Cir. 1980), and <u>United States v. Conder</u>, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses). A request for the home addresses and telephone numbers of Government witnesses is tantamount to a request for a witness list and, in a non-capital case, there is no legal requirement that the Government supply defendant with a list of the witnesses it expects to call at trial. <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir. 1974), <u>cert.</u>

denied, 419 U.S. 835 (1974); United States v. Glass, 421 F.2d 832, 833 (9th Cir. 1969).[1]

The Ninth Circuit addressed this issue in United States v. Jones, 612 F.2d 453 (9th Cir. 1979), cert. denied, 445 U.S. 966 (1980). In Jones, the court made it clear that, absent a showing of necessity by the defense, there should be no pretrial disclosure of the identity of Government witnesses. Id. at 455. Several other Ninth Circuit cases have reached the same conclusion. See, e.g., United States v. Armstrong, 621 F.2d 951, 1954 (9th Cir. 1980); United States v. Sukumolachan, 610 F.2d at 687; United States v. Paseur, 501 F.2d 966, 972 (9th Cir. 1974) ("A defendant is not entitled as a matter of right to the name and address of any witness.").

**17. Name of Witnesses Favorable to Mr. Contreras-Hernandez**

As noted above, the Government will to continue to comply with its obligations pursuant to Brady.

**18. Statements Relevant to Defense**

As noted above, the Government will comply with its obligations pursuant to Rule 16.

---

[1] Even in a capital case, the defendant is only entitled to receive a list of witnesses three days prior to commencement of trial. 18 U.S.C. § 3432. See also United States v. Richter, 488 F.2d 170 (9th Cir. 1973)(holding that defendant must make an affirmative showing as to need and reasonableness of such discovery). Likewise, agreements with witnesses need not be turned over prior to the testimony of the witness, United States v. Rinn, 586 F.2d 1113 (9th Cir. 1978), and there is no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Egger, 509 F.2d 745 (9th Cir.), cert. denied, 423 U.S. 842 (1975); United States v. Cosby, 500 F.2d 405 (9th Cir. 1974).

**19. Jencks Act**

The Government will comply with its obligations pursuant to the Jencks Act.

**20. Giglio Material**

The Government will comply with its obligations pursuant to Giglio, 405 U.S. 150.

**21. Agreements Between the Government and Witnesses**

Counsel for the Government is unaware of any such agreements.

**22. Informants/Cooperating Witnesses**

Counsel for the Government is unaware of any informant or cooperating witness in this case.

**23. Bias by Informants/Cooperating Witnesses**

Counsel for the Government is unaware of any informants or cooperating witnesses.

**24. Scientific and Other Information**

The Government will comply with its obligations pursuant to Rule 16(a)(1)(D).

**25. A-File Review and Residual Request**

The Government does not object to Defendant viewing his A-File.

**B. DEFENDANT'S MOTIONS TO DISMISS THE INDICTMENT SHOULD BE DENIED**

**1. The Indictment Properly Alleges All Necessary Elements of the Charged Offense**

Defendant first acknowledges that his argument that the indictment in this case should be dismissed because it does not use specific language regarding Defendant's knowledge of the commission of the found-in offense is foreclosed by the Ninth Circuit's holding in United States v. Rivera-Sillas, 417 F.3d 1014 (9th Cir. 2005)

1  (concluding that knowledge and voluntariness can be inferred from the
2  fact of defendant's presence in the United States).
3       Second, relying on the Ninth Circuit's recent decision in <u>United
4  States v. Salazar-Lopez</u>, No. 06-50438, 2007 WL 3085906 (9th Cir. Oct.
5  24, 2007), Defendant argues that the indictment must be dismissed
6  because "the indictment only alleges that [Defendant] was removed from
7  the United States subsequent to one unassociated [sic] date, October
8  28, 2005." [Def.'s Mot. 9.]  Not only is Defendant mistaken, but
9  <u>Salazar-Lopez</u> approves of the language that is found in the indictment
10 against this Defendant. Specifically, the Ninth Circuit stated that
11 "the date of the removal, <u>or at least the fact that [Defendant] had
12 been removed *after* his conviction, should have been alleged in the
13 indictment and proved to the jury</u>."  <u>Salazar-Lopez</u>, 2007 WL 3085906
14 at *2 (emphasis added). The indictment addressed by the Ninth Circuit
15 in <u>Salazar-Lopez</u> did not have the requisite language, and therefore
16 the Court performed a harmless error analysis. <u>Id.</u> at *3-6.  Here,
17 however, the indictment expressly states: "It is further alleged that
18 defendant JOSE REYMUNDO CONTRERAS-HERNANDEZ was removed from the
19 United States subsequent to October 28, 2005."  Because this kind of
20 language is required by the Ninth Circuit, Defendant's motion must be
21 denied.
22 **C.   DEFENDANT'S MOTION TO SUPPRESS SHOULD BE DENIED**
23      Defendant moves this Court to suppress statements he made to
24 agents on the day of his arrest and to hold an evidentiary hearing to
25 determine if statements made by Defendant were the result of a
26 knowing, intelligent, and voluntary waiver of his <u>Miranda</u> rights.
27 Because statements Defendant made to Agent Noland in the area near the
28                                                              07CR3190-JAH

United States/Mexico boundary fence were not the result of a custodial interrogation, the motion should be denied as to those statements.

With regard to Defendant's post-arrest statements, after being advised of his rights under <u>Miranda</u>, Defendant invoked his right to the assistance of counsel. No questions were posed to Defendant and no statements were made by Defendant after the invocation. Therefore, this issue is moot with respect to post-<u>Miranda</u> statements.

**1.   Defendant's Pre-Arrest Statements Are Admissible**

When a person has been deprived of his freedom of action in a significant way, Government agents must administer <u>Miranda</u> warnings prior to questioning the person. <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). Such a requirement, however, has two components: (1) custody, and (2) interrogation. <u>Id.</u> at 477-78. Defendant's initial statements to Agent Noland are admissible because Defendant was not in custody.

Under these circumstances, Agent Noland acted reasonably in questioning Defendant as to his citizenship. An officer may question individuals reasonably detained near the border about their citizenship and immigration status, and he may ask them to explain suspicious circumstances. <u>See</u> <u>United States v. Cervantes-Flores</u>, 421 F.3d 825, 830 (9th Cir. 2005). Even where a defendant is handcuffed, this line of questioning does not constitute custodial interrogation. <u>Id.</u>

Here, Agent Noland approached a group of approximately 10 individuals in a remote area in the middle of the night. Agent Noland then conducted field immigration interviews with the ten individuals. Under these circumstances, Agent Noland reasonably questioned the Defendant as to his citizenship and immigration status.

07CR3190-JAH

This questioning was not custodial. <u>Miranda</u> does not apply and the statements are admissible.

    **2.    <u>Defendant's Post-Arrest Statements Were Voluntary</u>**

Defendant was arrested shortly after 3:00 a.m. on October 27, 2007. Later that day, at approximately 3:00 p.m., Defendant was informed of his <u>Miranda</u> rights, but no questions were asked. The delay in informing Defendant of his <u>Miranda</u> rights was due to a shortage of manpower and the high volume of individuals who needed to be processed. Ostensibly, the group of ten that included Defendant contributed to this high volume. Likewise, no questions were asked because of the high volume of suspects and shortage of agent manpower. Nonetheless, the agents diligently issued a <u>Miranda</u> warning to Defendant as soon as they determined that he would be criminally prosecuted.

Agents again informed Defendant of his <u>Miranda</u> rights at approximately 6:00 p.m. As noted above, Defendant invoked his right to counsel and no further questions were asked. Therefore, Defendant's suppression motion is moot as to his post-arrest statements.

    **3.    <u>Defendant Has Not Shown That an Evidentiary Hearing is Necessary</u>**

Defendant states that the Court "is required to determine, outside the presence of the jury, whether any statements made by [him] were voluntarily made." (Def.'s Mot. 17.) To the extent that Defendant requests that an evidentiary hearing be held, the Court can and should deny Defendant's motion to suppress without a hearing.

There is no need for an evidentiary hearing in this matter.

First, as discussed above, the agent acted reasonably and lawfully in conducting a field interview of Defendant as to his citizenship and immigration status.  <u>Miranda</u> has no application to such a field interview.

Second, Defendant invoked his right to counsel following his arrest and no statements were made.  Therefore, there are no post-arrest statements to suppress.

Additionally, under Ninth Circuit and Southern District precedent, as well as Southern District Local Criminal Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to suppress only when the defendant adduces specific facts as set forth in a declaration sufficient to require the granting of Defendant's motion.  <u>United States v. Batiste</u>, 868 F.2d 1089, 1093 (9th Cir. 1989) (where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer, . . . the district court was not required to hold an evidentiary hearing"); <u>United States v. Moran-Garcia</u>, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (boilerplate motion containing indefinite and unsworn allegations was insufficient to require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1.

Requiring a declaration from a defendant in no way compromises defendant's constitutional rights, as declarations in support of a motion to suppress cannot be used by the government at trial over a defendant's objection.  <u>Batiste</u>, 868 F.2d at 1092 (proper to require declaration in support of Fourth Amendment motion to suppress); <u>Moran-Garcia</u>, 783 F. Supp. at 1271-74 (extending <u>Batiste</u> to Fifth Amendment motion to suppress).  Furthermore, a defendant can not reasonably

07CR3190-JAH

claim that he has less information than the government, and therefore should be excused from providing proof to support a motion. Batiste, 868 F.2d at 1092. A defendant knows as well as anyone the facts that transpired at the time of his arrest and interrogation.

Here, Defendant has failed to support his allegations with a declaration, in clear violation of Local Rule 47.1(g). Thus, Defendant fails to demonstrate there is a disputed factual issue requiring an evidentiary hearing. See United States v. Howell, 231 F.3d 616, 620-23 (9th Cir. 2000) (holding that "[a]n evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist"). As such, this Court should deny Defendant's motion to suppress and find that Defendant's field statements are admissible.

**D.   THE GOVERNMENT DOES NOT OPPOSE LEAVE TO FILE FURTHER MOTIONS, SO LONG AS THEY ARE BASED ON NEW EVIDENCE**

The Government does not object to the granting of leave to file further motions as long as the order applies equally to both parties and any additional defense motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion. The Government notes, however, that undersigned counsel has not consented to the filing of any specific motion by Defendant beyond what is stated above, despite such an assertion in Defendant's motion. (See Def.'s Mot. 15.)

//
//

## VI

### CONCLUSION

For the foregoing reasons, the United States requests that the Court deny Defendant's motions, except where unopposed.

DATED: December 29, 2007

                      Respectfully submitted,

                      KAREN P. HEWITT
                      United States Attorney

                      /s/ Peter J. Mazza
                      _____
                      PETER J. MAZZA
                      Assistant United States Attorney
                      Attorneys for Plaintiff
                      United States of America
                      Email: peter.mazza@usdoj.gov

07CR3190-JAH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR3190-JAH |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| JOSE REYMUNDO CONTRERAS-HERNANDEZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Candis Mitchell, Esq., Federal Defenders of San Diego, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 29, 2007.

/s/ Peter J. Mazza
PETER J. MAZZA

07CR3190-JAH