KAREN P. HEWITT
United States Attorney
PETER J. MAZZA
Assistant U.S. Attorney
California State Bar No. 239918
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-5528
peter.mazza@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.  07CR3190-JAH |
| ) | |
| ) | DATE:       January 14, 2008 |
| Plaintiff, ) | TIME:       8:30 p.m. |
| ) | |
| ) | STATEMENT OF FACTS AND MEMORANDUM OF |
| v. ) | POINTS AND AUTHORITIES IN SUPPORT OF |
| ) | GOVERNMENT'S MOTIONS FOR RECIPROCAL |
| ) | DISCOVERY AND TO COMPEL FINGERPRINT |
| JOSE REYMUNDO ) | EXEMPLARS |
|     CONTRERAS-HERNANDEZ, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

   COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Peter J. Mazza, Assistant United States Attorney, hereby files the attached statement of facts and memorandum of points and authorities in support of Government's motion for reciprocal discovery and fingerprint exemplars.

//

//

**I**

**STATEMENT OF THE CASE**

On November 23, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Jose Reymundo Contreras-Hernandez ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. The Indictment further alleged that Defendant had been removed from the United States subsequent to October 28, 2005.

**II**

**STATEMENT OF FACTS**

**A.    THE INSTANT OFFENSE**

On October 27, 2007, United States Supervisory Border Patrol Agent Mark E. Nolan was conducting assigned patrol duties in the Campo Border Patrol Stations area of operations. At approximately 3:00 a.m., Agent Nolan responded to a seismic intrusion device located on a trail known to be used by illegal aliens to further their illegal entries into the United States. The seismic intrusion device is located approximately nine miles east of the Tecate, California Port of Entry and approximately 13 miles north of the United States/Mexico international boundary.

Upon arriving at the location of the seismic intrusion device, Agent Nolan observed fresh footprints headed in a north-bound direction. Agent Nolan followed the footprints north until he came upon a group of ten individuals attempting to conceal themselves. Agent Nolan identified himself as an United States Border Patrol agent. He then questioned each individual regarding their immigration status. All ten individuals, including Defendant, stated that they were citizens and nationals of Mexico without any documents

to allow them to enter or remain in the United States legally. Defendant and the other nine individuals were taken into custody and transported to the Campo, California Border Patrol Station.

At the station, Defendant's personal information was entered into immigration and criminal history databases. Defendant's identity was confirmed, along with his criminal and immigration histories.

At approximately 3:00 p.m., Agents informed Defendant of his *Miranda* rights. Defendant invoked those rights. No questions were asked of Defendant.

### B. DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen of Mexico who was physically removed from the United States through the San Ysidro, California Port of Entry to Mexico on September 27, 2007.

### C. DEFENDANT'S CRIMINAL HISTORY

Defendant was convicted of Solicitation to Commit Murder, in violation of California Penal Code Section 653F(B) by a California Superior Court in Santa Cruz, California on October 28, 2005.

### III

### GOVERNMENT'S MOTIONS

**A. MOTION FOR RECIPROCAL DISCOVERY**

   **1. RULE 16(b)**

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of

3

Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States has complied with its obligations for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

**2.   RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of Jencks statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**B.     Motion to Compel Fingerprint Exemplars**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Since the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. The Ninth Circuit in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79 (9th Cir. 2005), upheld the Government's ability to compel a defendant to submit to fingerprinting for purposes of identification at trial. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

//
//
//
//
//

# IV

## **CONCLUSION**

For the foregoing reasons, the United States requests that the Government's Motions be granted.

DATED: December 28, 2007.

                            Respectfully Submitted,

                            KAREN P. HEWITT
                            United States Attorney

                            /s/ Peter J. Mazza
                            PETER J. MAZZA
                            Assistant U.S. Attorney
                            Peter.Mazza@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR3140-JAH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JOSE REYMUNDO CONTRERAS-HERNANDEZ | ) ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

    I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1. Candis Mitchell, Esq., Federal Defenders of San Diego, Inc.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on December 28, 2007.

    /s/ Peter J. Mazza
    PETER J. MAZZA