1  KAREN P. HEWITT
   United States Attorney
2  PETER J. MAZZA
   Assistant U.S. Attorney
3  California State Bar No. 239918
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5528/(619) 235-2757 (Fax)
   Email: peter.mazza@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                      UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,        )  Case No. 07CR3190-JAH
                                     )
11                      Plaintiff,   )  DATE:       March 10, 2008
                                     )  TIME:         8:30 a.m.
12            v.                     )  Honorable John A. Houston
                                     )
13  JOSE REYMUNDO                    )  UNITED STATES' RESPONSE AND
        CONTRERAS-HERNANDEZ,         )  OPPOSITION TO DEFENDANT'S
14                                   )  MOTION TO DISMISS THE
                        Defendant.   )  INDICTMENT DUE TO AN INVALID
15                                   )  DEPORTATION
                                     )
16                                   )  TOGETHER WITH STATEMENT OF
                                     )  FACTS AND MEMORANDUM OF
17  _____ )  POINTS AND AUTHORITIES
                                     )
18

19        COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and

20  through its counsel, Karen P. Hewitt, United States Attorney, and

21  Peter J. Mazza, Assistant U.S. Attorney, and hereby files its

22  Response and Opposition to Defendant's above-referenced motion in

23  the above-captioned case.  Said Response is based upon the files

24  and records of this case together with the attached statement of

25  facts and memorandum of points and authorities.

26  //

27  //

28  //

1    DATED: March 3, 2008.

2                              Respectfully submitted,

3                              KAREN P. HEWITT
                               United States Attorney
4

5                              s/ Peter J. Mazza
                               PETER J. MAZZA
6                              Assistant United States Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                     2

KAREN P. HEWITT
United States Attorney
PETER J. MAZZA
Assistant U.S. Attorney
California State Bar No. 239918
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5528/(619) 235-2757 (Fax)
Email: peter.mazza@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR3190-JAH |
| | ) | |
| | ) | DATE:      March 10, 2008 |
| Plaintiff, | ) | TIME:        8:30 a.m. |
| | ) | Honorable John A. Houston |
| v. | ) | |
| | ) | |
| JOSE REYMUNDO | ) | UNITED STATES' STATEMENT OF |
| CONTRERAS-HERNANDEZ, | ) | FACTS AND MEMORANDUM OF POINTS |
| | ) | AND AUTHORITIES |
| Defendant. | ) | |
| _____ | ) | |

**I**

**STATEMENT OF THE CASE**

On November 23, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Jose Reymundo Contreras-Hernandez ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. The Indictment further alleged that Defendant had been removed from the United States subsequent to October 28, 2005.

//

3

1

II

2

**STATEMENT OF FACTS**

3

A.    **THE INSTANT OFFENSE**

4          On October 27, 2007, United States Supervisory Border Patrol

5    Agent Mark E. Noland was conducting assigned patrol duties in the

6    Campo Border Patrol Stations area of operations.  At approximately

7    3:00 a.m., Agent Noland responded to a seismic intrusion device

8    located on a trail known to be used by illegal aliens to further

9    their  illegal  entries  into  the  United  States.    The  seismic

10    intrusion device is located approximately nine miles east of the

11    Tecate, California Port of Entry and approximately 13 miles north

12    of the United States/Mexico international boundary.

13          Upon  arriving  at  the  location  of  the  seismic  intrusion

14    device, Agent Noland observed fresh footprints headed in a north-

15    bound direction.  Agent Noland followed the footprints north until

16    he came upon a group of ten individuals attempting to conceal

17    themselves.  Agent Noland identified himself as an United States

18    Border Patrol agent.  He then questioned each individual regarding

19    their  immigration  status.    All  ten  individuals,  including

20    Defendant, stated that they were citizens and nationals of Mexico

21    without any documents to allow them to enter or remain in the

22    United States legally.  Defendant and the other nine individuals

23    were taken into custody and transported to the Campo, California

24    Border Patrol Station.

25          At the station, Defendant's personal information was entered

26    into  immigration  and  criminal  history  databases.    Defendant's

27

28                                      4

identity was confirmed, along with his criminal and immigration histories.

At approximately 3:00 p.m., Agents informed Defendant of his <u>Miranda</u> rights.  Defendant invoked those rights.  No questions were asked of Defendant.

**B.    DEFENDANT'S IMMIGRATION HISTORY**

Defendant is a citizen of Mexico who was physically removed from the United States through the San Ysidro, California Port of Entry to Mexico on September 27, 2007.

**C.    DEFENDANT'S CRIMINAL HISTORY**

Defendant was convicted of Solicitation to Commit Murder, in violation of California Penal Code Section 653f(b) by a California Superior Court in Santa Cruz, California on October 28, 2005.  The Superior Court sentenced Defendant to six years in prison.

**III**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant seeks to collaterally attack his underlying deportation.  To do so, Defendant must show that 1) he exhausted all his administrative remedies available to appeal his removal order; 2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and 3) the entry of the order was fundamentally unfair. <u>Ubaldo-Figueroa</u>, 364 F.3d 1042, 1048 (9th Cir. 2004).  Such order would be fundamentally unfair if Defendant's due process rights were violated by defects in his underlying deportation proceeding, and if he suffered prejudice as a result of those defects.  <u>Id</u>.

5

**A.    BECAUSE DEFENDANT WAS CONVICTED OF AN AGGRAVATED FELONY, HE CANNOT ESTABLISH THAT HE WAS PREJUDICED BY HIS REMOVAL**

In his motion to dismiss his Indictment, Defendant argues his 2007 administrative removal was invalid for a variety of reasons. This Court need not reach all of these arguments, however, because Defendant cannot establish that he was in any way prejudiced by this removal, which Defendant must establish.  See United States v. Corrales-Beltran, 192 F.3d 1311, 1316 (9th Cir. 1999). Prejudice can only be demonstrated if Defendant shows that he had plausible grounds for relief from deportation.  United States v. Arce-Hernandez, 163 F.3d 559, 564 (9th Cir. 1998).  Because Defendant had not plausible relief from deportation, his motion must fail.

Defendant is not eligible for "any relief from removal that the Attorney General may grant in the Attorney General's discretion." INA § 238(b)(5).  He is an aggravated felon, which means he is conclusively presumed to be subject to removal and is ineligible for cancellation of removal, voluntary departure, and registration as a permanent resident alien. See United States v. Espinoza-Farlo, 34 F.3d 469, 471-472 (7th Cir. 1994).  When we add to the obstacles imposed by virtue of that status the effect of 8 U.S.C. § 1228(b)(5)'s exclusion of aliens removed under the expedited procedures from "any relief from removal that the Attorney General may grant in the Attorney General's discretion," the absence of prejudice is deducible almost as a matter of law. See United States v. Garcia-Martinez, 228 F.3d 956, 963 (9th Cir.

6

2000) (holding that for alien convicted of aggravated felony and placed in expedited procedures under § 1228, removal is "foregone conclusion"); <u>United States v. Benitez-Villafuerte</u>, 186 F.3d 651, 659 (5thCir. 1999) (same).

Under 8 U.S.C. § 1227(a)(2)(A)(iii), any "alien who is convicted of an aggravated felony at any time after admission is deportable." No alien deportable as an aggravated felon under that section "shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion." 8 U.S.C. § 1228(b)(5). There simply is no way for Defendant to establish any prejudice because he was not eligible for any relief from deportation. See <u>Garcia- Martinez</u>, 228 F.3d at 964 (finding that defendant needed to show actual prejudice rather than "assumed" prejudice, and that defendant could not do so because the official removing him had no discretionary authority to grant relief from deportation in light of defendant's prior rape conviction).

Defendant nonetheless argues that "solicitation to commit murder in and of itself is not a crime of violence." (Def.'s Mot. 5.) This is simply incorrect. Title 8, United States Code, Section 1101(a)(43)(F) defines an aggravated felony as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." Section 16 of Title 18 in turn defines a crime of violence as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force

7

against the person or property of another, or (b) any
other offense that is a felony and that, by its nature,
involves a substantial risk that physical force against
the person or property of another may be used in the
course of committing the offense.

18 U.S.C. § 16.

First, under California law, solicitation to commit murder is a felony. See Cal. Penal Code § 653f(b) (statomg that any person convicted under this statute is punishable by a term of imprisonment of "three, six, or nine years"). Defendant's sentence of six years means that his crime qualifies as a "a crime of violence . . . for which the term of imprisonment [is] at least one year" under 8 U.S.C. § 1101(a)(43)(F).

Second, looking to the "statutory definition of the prior offense," Ye v. I.N.S., 214 F.3d 1128, 1133 (9th Cir. 2000), Defendant's conviction for solicitation to commit murder as defined in California Penal Code § 653f(b) qualifies as a crime of violence under 18 U.S.C. § 16(b) because solicitation to commit murder is a felony that involves a substantial risk of the use of physical force. Several cases bear out this conclusion.

In Ng v. Attorney General of the United States, 436 F.3d 392 (3rd Cir. 2006), the defendant was convicted of three counts of violating 18 U.S.C. § 1958, which proscribes the use of interstate commerce facilities in the commission of a murder-for-hire. Ng, 436 F.3d at 394. The Third Circuit concluded that murder-for-hire constituted a crime of violence under section 16(b) because the statute categorically posed a substantial risk that physical force will be used against another. Id. at 397. The court noted that

8

because it employed the <u>Taylor</u> categorical analysis it did not matter that Ng had contracted with a government informant who had no intent to carry out the murder. <u>Id.</u> The court stated that despite that "some violations of § 1958 will never culminate in an actual agreement or the commission of a murder does not alter our view that the natural consequence of . . . a murder-for-hire is that physical force will be used upon another." <u>Id.</u>

The Ninth Circuit similarly concluded that a conviction for solicitation to commit murder is a crime of violence for sentencing purposes under USSG § 4B1.2 in <u>United States v. Cox</u>, 74 F.3d 189 (9th Cir. 1996). Section 4B1.2 defines a "crime of violence" as:

> any offense under federal or state law punishable by imprisonment for a term exceeding one year that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(1). This language is not distinguishable from the definition of 18 U.S.C. § 16(b) in any material way, and to the extent that it is different, it is more narrow because section 4B1.2(1)(ii) requires the "potential risk of physical *injury*" whereas section 16(b) only requires a "substantial risk that physical *force*" be employed. (Emphasis added). The Ninth Circuit reasoned that "[t]o ask someone to murder your wife for money involves a high degree of threat of physical force against one's wife." <u>Cox</u>, 74 F.3d at 190. <u>See also United States v. Walker</u>, 181 F.3d 774 (6th Cir. 1999) (holding solicitation to commit

9

aggravated robbery is a crime of violence for sentencing purposes).

As is demonstrated by the cases above, Defendant's conviction for solicitation to commit murder in violation of California Penal Code § 653f(b) is a crime of violence under section 16(b). California Penal Code § 653f(b) states: "Every person who, with the intent that the crime be committed, solicits another to commit or join in the commission of murder shall be punished in the state prison for three, six, or nine years." Cal. Penal Code § 653f(b). Even conceding – as Defendant argues – that the crime of solicitation to commit murder is completed as of the moment when the solicitation occurs, the crime would nonetheless involve a substantial risk that physical force will be used in the course of committing the offense. On this point, the Supreme Court's decision in <u>Leocal v. Ashcroft</u>, 543 U.S. 1, 10 (2004) is instructive. In <u>Leocal</u>, the Court discussed the meaning of section 16(b), explaining that the section:

> covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing any offense. The reckless disregard in § 16(b) relates *not* to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime.

<u>Leocal</u>, 543 U.S. at 10. The Court cited burglary as the classical example of a crime that would qualify as a "crime of violence" under section 16(b) because "burglary, by its nature, involves a substantial risk that the burglar will use force against a victim in completing the crime." <u>Id.</u> Thus, like the burglar who

10

1    necessarily disregards the risk that he will be required to

2    intentionally cause substantial risk to the home's occupants,

3    Defendant necessarily disregarded the substantial risk attendant

4    to his solicitation of murder that physical force would be

5    necessary against the person of another "in commiting the crime."

6        Nor is it of any relevance that Defendant here contracted

7    with an undercover police officer to kill his ex-wife. (Def.'s

8    Mot. 1.) As Nq explained, a categorical analysis of the statute

9    at issue renders the underlying facts irrelevant. See Nq, 436

10   F.3d at 397. The solicitation of a murder inherently involves the

11   substantial risk of physical force being used in the course of

12   committing an offense regardless of whether the crime solicited is

13   ultimately carried out. Accordingly, Defendant's conviction for

14   solicitation to commit the murder of his ex-wife is a crime of

15   violence under 18 U.S.C. § 16(b), and thus an aggravated felony

16   under 8 U.S.C. § 1101(a)(43)(F).[1/]

17   //

18   //

19   //

20

21   _____
     [1/]

22       Importantly, Defendant cites no case to dispute
     this conclusion. While the Ninth Circuit has found that
23   crimes regarding solicitation to possess narcotics do not
     qualify as aggravated felonies, see Leyva-Licea v. INS, 187
24   F.3d 1147, 1150 (9 th Cir. 1996), those cases are
     inapposite. Whether a drug crime qualifies as an
25   aggravated felony turns on whether it is punishable under
     the Controlled Substances Act. The Controlled Substances
26   Act does not mention solicitation crimes, nor does it
     contain a catch-all provision that could be read to cover
27   solicitation crimes. See Leyva-Licea, 187 F.3d at 1150.

28                            11

**B.    ADMINISTRATIVE REMOVALS ARE ACCEPTABLE FORMS OF REMOVAL, AND THE ADMINISTRATIVE REMOVAL OF DEFENDANT DID NOT VIOLATE HIS DUE PROCESS RIGHTS**

Defendant also argues that he was prejudiced by a lack of counsel at his administrative removal proceedings. However, the Ninth Circuit has consistently and repeatedly upheld the validity of expedited administrative removal proceedings where a defendant is unrepresented. Simply put, Defendant cannot establish that he was in any way prejudiced by his removal, and his motion should be denied.

The Ninth Circuit has made clear that "the full panoply of . . . procedural and substantive safeguards which are provided at a criminal proceeding are not required at a deportation hearing." United States v. Solano-Godines, 120 F.3d 927, 960-61 (9 th Cir. 1997). Therefore, there is no right to counsel at an administrative removal hearing. Lara-Torres v. Ashcroft, 383 F.3d 968, 974 (9th Cir. 2004). Nonetheless, the Ninth Circuit has repeatedly held that absent a showing of a due process violation and prejudice, the Government may rely on a deportation pursuant to a Final Administrative Removal Order in prosecuting a defendant under 8 U.S.C. § 1326. United States v. Garcia-Martinez, 228 F.3d 956 (9th Cir. 2000). Aggravated felons are subject to expedited administrative removal. See 8 U.S.C. § 1228(b); United States v. Hernandez-Vermudez, 356 F.3d 1011, 1012 (9th Cir. 2004). Proceedings under § 1228(b) are governed by 8 C.F.R. § 238.1. Under § 238.1, removal proceedings commence when the alien is

served with the Notice of Intent in conformance with 8 C.F.R. §§ 103.5a(a)(2) & 103.5a(c)(2).  See 8 C.F.R. § 238.1(b)(2)(I).

Here, the Notice of Intent, (Def.'s Mot., Exh. C), included notice to Defendant that he had the right to have counsel present at his administrative hearing.  Whether Defendant chose to avail himself to counsel at his own cost was a decision purely his own.  Nothing was done by the Government to deny him representation at his administrative hearing.  Regardless, Defendant had no Sixth Amendment right to have counsel present at his administrative removal proceeding.  Accordingly, Defendant's argument that he suffered a due process violation is unavailing.

## C.    EXHAUSTION

Finally, in order to successfully collaterally attack a prior removal order, a defendant must demonstrate that he exhausted his administrative remedies.  United States v. Camacho-Lopez, 450 F.3d 928, 930 (9th Cir 2006); see also 8 U.S.C. § 1326(d).  However, because Defendant was convicted of an aggravated felony, he had no right to administrative review.  8 U.S.C. § 1252(a)(2)(C).  Therefore, because Defendant did not have any right to administrative review, there is no way the deportation proceeding improperly denied him of that right.  See 8 U.S.C. § 1326(d)(2).

//

//

//

//

//

**IV**

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that Defendant's motion be denied.

DATED: March 3, 2008.

                                    Respectfully submitted,

                                    KAREN P. HEWITT
                                    United States Attorney


                                    s/ Peter J. Mazza
                                    PETER J. MAZZA
                                    Assistant United States Attorney

14

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07CR3190-JAH |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| JOSE REYMUNDO CONTRERAS-HERNANDEZ, | |
| Defendant. | |

IT IS HEREBY CERTIFIED THAT:

I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT DUE TO AN INVALID DEPORTATION on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.  Candis L. Mitchell, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 3, 2008.


                                    s/ Peter J. Mazza
                                    PETER J. MAZZA