**CANDIS MITCHELL**
California Bar No. 242797
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
(619) 234-8467 (tel); (619) 687-2666 (fax)
Candis_Mitchell@fd.org

Attorneys for Mr. Jose Raymundo Contreras-Hernandez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JOHN A. HOUSTON)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>**JOSE RAYMUNDO CONTRERAS-**<br>**HERNANDEZ**,<br><br>             Defendant. | CASE NO.: 07CR3190-JAH<br><br>DATE: May 13, 2008<br>TIME: 9:00 a.m.<br><br>**DEFENDANT'S PROPOSED JURY**<br>**INSTRUCTIONS** |

TO:      KAREN P. HEWITT, UNITED STATES ATTORNEY,
           PETER MAZZA, ASSISTANT UNITED STATES ATTORNEY:

       Jose Raymundo Contreras-Hernandez, by and through counsel, Candis Mitchell, and the Federal Defenders of San Diego, Inc., pursuant to Federal Rule of Criminal Procedure 30, requests the Court instruct the jury on the law as set forth herein.

                                 Respectfully submitted,

                                   *s/ Candis Mitchell*
Dated: March 29, 2008                 **CANDIS MITCHELL**
                                  Federal Defenders of San Diego, Inc.
                                  Attorneys for Mr. Contreras-Hernandez
                                  Candis_Mitchell@fd.org

**DEFENDANT'S PROPOSED INSTRUCTIONS FROM THE**
**9TH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS CRIMINAL (2003)**

9th Cir. Crim. Jury Instr. 1.1 (2003) ("Duty of Jury")

9th Cir. Crim. Jury Instr. 1.3 (2003) ("What Is Evidence")

9th Cir. Crim. Jury Instr. 1.4 (2003) ("What Is Not Evidence")

9th Cir. Crim. Jury Instr. 1.5 (2003) ("Evidence For a Limited Purpose")

9th Cir. Crim. Jury Instr. 1.7 (2003) ("Ruling On Objections")

9th Cir. Crim. Jury Instr. 1.8 (2003) ("Credibility of Witnesses")

9th Cir. Crim. Jury Instr. 1.9 (2003) ("Conduct of the Jury")

9th Cir. Crim. Jury Instr. 1.10 (2003) ("No Transcript Available to the Jury")

9th Cir. Crim. Jury Instr. 1.11 (2003) ("Taking Notes")

9th Cir. Crim. Jury Instr. 1.12 (2003) ("Outline of Trial")

9th Cir. Crim. Jury Instr. 1.13 (2003) ("Jury to Be Guided By Official English Interpretation")

9th Cir. Crim. Jury Inst. 2.4 (2003) ("Stipulations of Fact") (if appropriate).

9th Cir. Crim. Jury Inst. 2.9 (2003) ("Foreign Language Testimony") (if appropriate).

9th Cir. Crim. Jury Inst. 2.10 (2003) ("Other Crimes, Wrongs or Acts of Defendant") (if appropriate).

9th Cir. Crim. Jury Instr. 3.2 (2003) ("Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof").

9th Cir. Crim. Jury Instr. 3.3 (2003) ("Defendant's Decision Not to Testify") (if appropriate).

9th Cir. Crim. Jury Instr. 3.4 (2003) ("Defendant's Decision to Testify") (if appropriate).

9th Cir. Crim. Jury Instr. 3.5 (2003) ("Reasonable Doubt - Defined")

9th Cir. Crim, Jury Instr. 3.6 (2003) ("What is Evidence")

9th Cir. Crim, Jury Instr. 3.7 (2003) ("What is Not Evidence")

9th Cir. Crim. Jury Instr. 3.9 (2003) ("Credibility of Witnesses").

9th Cir. Crim. Jury Instr. 3.11 (2003) ("Activities not Charged").

9th Cir. Crim. Jury Instr. 3.20 (2003) ("Jury to be Guided by Official English Translation/Interpretation) (if appropriate).

9th Cir. Crim. Jury Instr. 4.1 (2003) ("Statements by Defendant") (if appropriate).

1  9th Cir. Crim. Jury Instr. 7.1 (2003) ("Duty to Deliberate")

2  9th Cir. Crim. Jury Instr. 7.2 (2003) ("Consideration of Evidence")

3  9th Cir. Crim. Jury Instr. 7.3 (2003) ("Use of Notes")

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. ___1___

3

4  Mr. Contreras-Hernandez is charged in the indictment with being an alien who, after

5  deportation, was found in United States in violation of Section 1326(a) of Title 8 of the United States Code.

6  In order for Mr. Contreras-Hernandez  to be found guilty of that charge, the government must prove each of

7  the following elements beyond a reasonable doubt:

8  First, Mr. Contreras-Hernandez was deported from the United States;

9  Second, after deportation Mr. Contreras-Hernandez  voluntarily entered the United States;

10  Third, when Mr. Contreras-Hernandez entered he knew he was entering the United States;

11  Fourth, Mr. Contreras-Hernandez  was found in the United States without having obtained the

12  consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for

13  admission into the United States, and

14  Fifth, Mr. Contreras-Hernandez was an alien at the time of his entry into the United States.

15  An alien is a person who is not a natural-born or naturalized citizen [or a national] of the

16  United States.

17

18  Authority

19  See Ninth Cir. Model Jury Instr.  9.5B (Approved 1/2007)

20

21

22

23

24

25

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

4                                                    07CR3190-JAH

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. __2___

3

4          This is a criminal case brought by the United States government. The government charges the

5  defendant with [*crimes charged*]. The charges against Mr. Contreras-Hernandez are contained in the

6  indictment. The indictment is simply the description of the charges made by the government against the

7  defendant; it is not evidence of anything.

8          In order to help you follow the evidence, I will now give you a brief summary of the elements

9  of the crimes which the government must prove to make its case: [*supply brief statement of elements of

10  crime[s]*].  These instructions are preliminary and the instructions I will give at the end of the case will control.

11          Mr. Contreras-Hernandez has pleaded not guilty to the charge and is presumed innocent.  The

12  presumption of innocence applies throughout trial and into jury deliberations.  The presumption of innocence

13  may only be overcome upon your determination after the close of evidence, during deliberations, that the

14  government has proven each element of the charged offenses beyond a reasonable doubt.

15                                          Authority

16      9th Cir. Crim. Jury Instr. 1.2 (2003 ed.) (modified). United States v. Cummings, 468 F.2d 274, 280
       (9th Cir. 1972)("Both the presumption [of innocence] and the [proof beyond a reasonable doubt]
17     burden remain throughout the trial and go with the jury when it deliberates."); United States v.
       Perlaza, 439 F.3d 1149, 1171-72 (9th Cir. 2006)(instruction "flawed" in part because "[i]t did not
18         specify that the presumption of innocence 'go[es] with the jury when it deliberates.'")

19

20

21

22

23

24

25

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO.   3

3

4          Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant

5  is guilty.  It is not required that the government prove guilt beyond all possible doubt.

6          A reasonable doubt is based on the legal principle that the defendant is presumed innocent.

7  Thus, reasonable doubt may be based solely on the government's failure to present evidence that leaves you

8  firmly convinced that the defendant is guilty.

9          If after a careful and impartial consideration of all the evidence, you are not convinced beyond

10 a reasonable doubt that the defendant is guilty beyond a reasonable doubt, it is your duty to find the defendant

11 not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are

12 convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

13

14                              Authority

15      9th Cir. Crim. Jury Instr. 3.2 (2003 ed.) (modified).  See In re Winship, 397 U.S. 358, 364 (1970)
        (the prosecution has to prove every element of the charged crime beyond a reasonable doubt); and
16      Mullaney v. Wilbur, 421 U.S. 684 (1975) (same).  See United States v. Andrews, 75 F.3d 552, 556
        (9th Cir. 1996) ("mere suspicion or speculation will not provide sufficient evidence" to convict).
17

18

19

20

21

22

23

24

25

26 GIVEN _____

27 GIVEN AS MODIFIED _____

28 REFUSED _____

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. __4__

 

     A finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only (1) consistent with the theory that Mr. Contreras-Hernandez is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion.

     Further, each fact which is essential to complete a set of circumstances necessary to establish Mr. Contreras-Hernandez's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt.

     Also, if the circumstantial evidence as to any particular count permits two reasonable interpretations, one of which points to Mr. Contreras-Hernandez's guilt and the other to his innocence, you must adopt that interpretation that points to Mr. Contreras-Hernandez's innocence, and reject that interpretation that points to his guilt.

     If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

<u>Authority</u>

     1 Cal. Jury Instr.--Crim. 2.01 (7th ed. 2003) (Sufficiency of Circumstantial Evidence--Generally) (modified).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED ____