```
 1  KAREN P. HEWITT
    United States Attorney
 2  PETER J. MAZZA
    Assistant U.S. Attorney
 3  California State Bar 239918
    United States Attorney's Office
 4  880 Front Street #6293
    San Diego, CA  92101-8893
 5  Telephone:  (619) 557-5528

 6  Attorneys for Plaintiff
    United States of America
 7
```

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOSE RAYMUNDO<br>　　CONTRERAS-HERNANDEZ,<br><br>　　　　Defendant. | Case No. 07CR3190-JAH<br><br>DATE: April 14, 2008<br>TIME:　11:00 a.m.<br><br>GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE* TO:<br><br>(1) COMPEL THE GOVERNMENT TO PRECLUDE THE VALIDITY OF THE DEPORTATION TO THE JURY;<br>(2) EXCLUDE EVIDENCE NOT PRODUCED IN DISCOVERY;<br>(3) EXCLUDE DOCUMENTS ABSENT REDACTION;<br>(4) PRECLUDE TESTIMONY FROM GOVERNMENT WITNESSES REFERRING TO DEFENDANT AS THE "ALIEN";<br>(5) PROVIDE INSPECTION OR PRODUCTION OF CERTIFIED DOCUMENTS;<br>(6) PRECLUDE INTRODUCTION OF "MUG SHOTS" OF DEFENDANT;<br>(7) PROHIBIT THE CERTIFICATE OF NON-EXISTENCE OF RECORD AS INADMISSIBLE;<br>(8) PRECLUDE EVIDENCE UNDER 404(b) AND 609;<br>(9) ALLOW ATTORNEY CONDUCTED VOIR-DIRE;<br>(10) ORDER PRODUCTION OF GRAND JURY TRANSCRIPTS;<br>(11) PRECLUDE DOCUMENTS OF DEPORTATION AS EVIDENCE OF ALIENAGE; AND<br>(12) GRANT LEAVE TO FILE FURTHER MOTIONS. |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Peter J. Mazza, Assistant United States Attorney, hereby files its Response in Opposition to Defendant's above-referenced Motions In Limine. This Response is based upon the files and records of this case.

**I**

**STATEMENT OF FACTS**

**1.   INSTANT OFFENSE**

On October 27, 2007, United States Supervisory Border Patrol Agent Mark E. Noland was conducting assigned patrol duties in the Campo Border Patrol Stations area of operations. At approximately 3:00 a.m., Agent Noland responded to a seismic intrusion device located on a trail known to be used by illegal aliens to further their illegal entries into the United States. The seismic intrusion device is located approximately nine miles east of the Tecate, California Port of Entry and approximately 13 miles north of the United States/Mexico international boundary.

Upon arriving at the location of the seismic intrusion device, Agent Noland observed fresh footprints headed in a north-bound direction. Agent Noland followed the footprints north until he came upon a group of ten individuals attempting to conceal themselves. Agent Noland identified himself as an United States Border Patrol agent. He then questioned each individual regarding their immigration status. All ten individuals, including Defendant, stated that they were citizens and nationals of Mexico without any documents to allow them to enter or remain in the United States legally. Defendant and the other nine individuals were taken into custody and transported to the Campo, California Border Patrol Station.

At the station, Defendant's personal information was entered into immigration and criminal history databases. Defendant's identity was confirmed, along with his criminal and immigration histories.

At approximately 3:00 p.m., Agents informed Defendant of his Miranda rights. Defendant invoked those rights. No questions were asked of Defendant.

**2.    DEFENDANT'S IMMIGRATION HISTORY**

Defendant is a citizen of Mexico who was physically removed from the United States through the San Ysidro, California Port of Entry to Mexico on September 27, 2007.

**3.    DEFENDANT'S CRIMINAL HISTORY**

Defendant was convicted of Solicitation to Commit Murder, in violation of California Penal Code Section 653F(B) by a California Superior Court in Santa Cruz, California on October 28, 2005.

**II**

**POINTS AND AUTHORITIES**

**1.    COMPEL THE GOVERNMENT TO PROVE THE VALIDITY OF THE DEPORTATION TO THE JURY**

The Defendant moves the Court to permit him to argue to the jury the lawfulness of his deportation. Ninth Circuit precedent forecloses collateral attack of a prior deportation at trial, United States v. Alvarado-Delgado, 98 F.3d 492 (9th Cir. 1996) (en banc), cert. denied, 519 U.S. 1155 (1997), Moreover, Alvarado-Delgado has not been overruled by the enactment of 8 U.S.C. § 1326(d), Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Buckland, 289 F.3d 558 (9th Cir. 2002) (en banc). The Defendant's motion should be denied.

First, the validity of a prior deportation is not an element of the offense that must be proved to the jury. Alvarado-Delgado, 98 F.3d at 493. Apprendi and Buckland are not controlling under these

circumstances and have not impliedly or expressly overruled <u>Alvarado-Delgado</u>. Accordingly, in this regard, the only issue for the jury to decide at trial is whether the Defendant was physically removed from the United States to Mexico. Second, Defendant has had the opportunity to challenge the validity of his deportation, which was denied by the Court on March 10, 2008. <u>See</u> Docket No. 17. Defendant should not now be given an opportunity to challenge the validity of his deportation in front of a jury.

**2.    EXCLUDE EVIDENCE NOT PRODUCED IN DISCOVERY**

The Government has and will continue to comply with its discovery obligations. The Government will provide an exhibit list and an opportunity for Defendant to review its exhibits before trial.

**3.    EXCLUDE DOCUMENTS ABSENT REDACTION**

Defendant requests that the Government be ordered to redact A-File documents relating to the fact that Defendant was previously convicted of any crime. The Government will redact the phrase "a final conviction for an aggravated felony" from the Final Administrative Removal Order if that is introduced into evidence.

The Government objects to Defendant's request under Rule 403 that the Court order the Government to redact any reference to Defendant using an alias. The use of an alias is not prejudical as to unduly influence the jury.

The Government objects to Defendant's request that the Court order the Government to redact any reference to Defendant as an "alien." First, the word alien in and of itself is not so prejudicial as to unduly influence the jury in its decision making. Indeed, one of the elements the Government has to prove at trial is that Defendant is an alien; a Section 1326 prosecution cannot go forward without references being made to Defendant's alienage. Removal of references

to alienage on the warrants of deportation would prevent the Government from presenting a complete picture of the deportation proceedings. The Government has no objection to the Court instructing the jury that, while they may have heard the term "the alien" during the trial, the jury must decide whether the Government has proven beyond a reasonable doubt that Defendant is, in fact, an alien.

**4.   PRECLUDE TESTIMONY FROM GOVERNMENT WITNESSES REFERRING TO DEFENDANT AS THE "ALIEN"**

For the reasons in the previous section, the Government objects to the Defendant's motion to preclude the Government witnesses from referring to Defendant as an "alien."

**5.   PROVIDE INSPECTION OR PRODUCTION OF CERTIFIED DOCUMENTS**

As stated above, the Government will provide Defendant with an exhibit list prior to trial. Additionally, the Government will provide Defendant with a copy of the exhibits it intends to introduce.

**6.   PRECLUDE INTRODUCTION OF "MUG SHOTS" OF DEFENDANT**

The Government must demonstrate that Defendant is the same individual who was previously deported from the United States. On March 10, 2008, the Court granted the Government's motion for fingerprint exemplars. See Docket No. 17. The Government must also prove as an element of the offense that Defendant has been previously deported. To do that, the Government intends to introduce Defendant's Warrant of Deportation, dated September 21, 2007. That document includes a photograph of Defendant. This photograph, and the accompanying fingerprint, are essential to demonstrating that Defendant had previously been deported. Accordingly, Defendant's motion should be denied.

//
//

**7. PROHIBIT THE CERTIFICATE OF NON-EXISTENCE OF RECORD AS INADMISSIBLE**

The Government intends to offer documents from the Citizenship and Immigration Service's ("CIS") "A-File" that corresponds to Defendant's name in order to establish Defendant's alienage, prior deportation, and that he was subsequently found in the United States without having sought or obtained authorization from the Attorney General. The documents are self-authenticating "public records," Fed. R. Evid. 803(8)(B), or, alternatively, "business records." Fed. R. Evid. 803(6).

The Ninth Circuit has addressed the admissibility of A-File documents in United States v. Loyola-Dominquez, 125 F.3d 1315 (9th Cir. 1997). There, Loyola-Dominguez appealed his § 1326 conviction, arguing that the district court erred in admitting at trial certain records from his A-File. See id. at 1317. The district court had admitted: (1) two prior warrants of deportation; (2) a prior warrant for the defendant's arrest; and (3) a prior deportation order. The defendant in Loyola-Dominquez argued that admission of the documents violated the rule against hearsay and denied him his Sixth Amendment right to confront witnesses. The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as public records. Id. at 1318. The court first noted that documents from a defendant's immigration file, although "made by law enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the concerns animating the law enforcement exception to the public records exception." Id. (quoting United States v. Hernandez-Rojas, 617 F.2d 533, 534-35 (9th Cir. 1980)). The court also held that such documents are self-authenticating and, therefore, do not require an independent foundation. Id.

Consistent with Loyola-Dominguez, this Circuit has consistently held that documents from a defendant's immigration file are admissible in a § 1326 prosecution to establish the defendant's alienage and prior deportation. See, e.g., United States v. Contreras, 63 F.3d 852, 857-58 (9th Cir. 1995) (district court properly admitted warrant of deportation, deportation order and deportation hearing transcript); United States v. Hernandez-Rojas, 617 F.2d at 535 (district court properly admitted warrant of deportation as public record); United States v. Dekermenjian, 508 F.2d 812, 814 n.1 (9th Cir. 1974) (district court properly admitted "certain records and memoranda of the Immigration and Naturalization Service" as business records, noting that records would also be admissible as public records).

The Ninth Circuit has held that a Certificate of Non-existence of Record ("CNR") is not "testimonial" within the meaning of Crawford v. Washington, 124 S. Ct. 1354 (2004), and therefore may be admitted without violating the Confrontation Clause. See United States v. Cervantes-Flores, 421 F.3d 825, 831-33 (9th Cir. 2005). See also United States v. Mateo-Mendez, 215 F.3d 1039, 1042-45 (9th Cir. 2000) (district court properly admitted certificate of nonexistence). Accordingly, the CNR is admissible.

**8.     PRECLUDE EVIDENCE UNDER 404(b) AND 609**

    **a.     404(b)**

The United States may offer evidence regarding Defendant's previous illegal re-entry activity. Defendant's prior acts are relevant to this current case because they involve substantially the same conduct for which he is currently charged.

Rule 404(b) of the *Federal Rules of Evidence* precludes the admission of evidence of "other acts . . . to prove the character of a person in order to show action in conformity therewith" but allows

such evidence to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).  The Ninth Circuit has adopted a four-part test to determine the admissibility of evidence under Rule 404(b).  The court should consider the following: (1) the evidence of other crimes must tend to prove a material issue in the case; (2) the other crime must be similar to the offense charged; (3) proof of the other crime must be based on sufficient evidence; and (4) commission of the other crime must not be too remote in time.  See United States v. Montgomery, 150 F.3d 983, 1000-01 (9th Cir. 1998).  In addition to satisfying the four-part test, evidence of other crimes must also satisfy the Rule 403 balancing test, *i.e.*, its probative value must not be substantially outweighed by the danger of unfair prejudice.  See Fed. R. Evid. 403.

In this case, Defendant's prior acts of illegally entering the United States are similar to the present instance, when Defendant also crossed into the United States.  The probative value of this information is not substantially outweighed by any prejudicial effect.  Evidence of these acts are admissible under Rule 404(b) for purposes of proving preparation, plan, knowledge, motive, absence of mistake or accident.  As such, the Government may offer testimony and documents from the defendant's A-File regarding these prior instances.

  **b. 609**

Rule 609 provides that evidence that an accused has been convicted of a crime punishable by imprisonment in excess of one year "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial value to the accused."  United States v. Martinez-Martinez, 369 F.3d 1076, 1088 (9th Cir. 2004).  Evidence of the conviction is admissible if ten

years or less has elapsed since the *later* of: (1) the date of conviction; or (2) the release of the witness from the confinement imposed for that conviction. Fed. R. Evid. 609(b).

In United States v. Cook, 608 F.2d 1175, 1185 n.8 (9th Cir. 1979) (en banc), overruled on other grounds by Luce v. United States, 469 U.S. 38 (1984), the Ninth Circuit set forth a five-factor test for balancing the relative probativeness and unfair prejudice of a prior conviction. Under this test, the Court should consider: (1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the defendant's subsequent criminal history; (3) the similarity between the past and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of the credibility issue. Id. This court need not analyze each of the five factors explicitly. United States v. Jimenez, 214 F.3d 1095, 1098 (9th Cir. 2000).

If Defendant chooses to testify, his credibility will be a central issue in the case and Defendant's character for honesty is a factor that should be carefully weighed by the Court. The importance of Defendant's testimony is crucial in a case such as this, where Defendant would presumably be called to testify only if he intended to claim that: (1) he was involuntarily brought to this country; (2) he did not have a conscious desire to enter the United States; (3) he was never actually deported; (4) he was not an illegal alien; (5) he did not know he was in the United States; or (5) he had received the permission to re-enter the United States, even though DHS has no record of such permission being granted.

Should the defendant testify, the Government should be permitted to demonstrate Defendant's lack of trustworthiness by utilizing for impeachment purposes his prior felony conviction for solicitation to

commit murder. Defendant committed the offense and was released from prison within the past ten years, and the probative value of his conviction is not substantially outweighed by the danger of unfair prejudice.

**9.    ALLOW ATTORNEY CONDUCTED VOIR-DIRE**

The Government does not oppose Defendant's motion.

**10.   ORDER PRODUCTION OF GRAND JURY TRANSCRIPTS**

Defendant seeks production of the grand jury transcripts yet fails to support his motion with a showing of the requisite need to invade the sanctity of the grand jury's deliberations. As such, his motion should be denied.

The need for grand jury secrecy remains paramount unless the defendant can show "a particularized need" that outweighs the policy of grand jury secrecy. United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986); United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985). The Government does not anticipate calling as a witness in this case any witness that previously testified about it before the Grand Jury. Accordingly, there is no extraordinary basis to support Defendant's request for grand jury transcripts.

**11.   PRECLUDE DOCUMENTS OF DEPORTATION AS EVIDENCE OF ALIENAGE**

Defendant argues that the warrant of deportation and the order of deportation are only admissible to prove the element of deportation and may not be used to prove alienage. Defendant's contentions are wrong and contrary to Ninth Circuit authority.

The documents from Defendant's A-File are relevant to prove Defendant's alienage. See Hernandez-Herrera, 273 F.3d 1213,1217-18 (9th Cir. 2001) ("deportation documents are admissible to prove alienage"); United States v. Contreras, 63 F.3d 852, 857 (9th Cir. 1995)("We have held that deportation documents are admissible to prove

alienage under the public records exception to the hearsay rule."). Defendant misconstrues how the A-File documents will be used. Although these documents, standing alone, do not conclusively establish a defendant's alien status, <u>United States v. Sotelo</u>, 109 F.3d 1446, 1449 (9th Cir. 1997), deportation documents are admissible to prove Defendant's alienage. <u>United States v. Loyola-Dominguez</u>, 125 F.3d 1315, 1317 (9th Cir. 1997). Consequently, Defendant's request for a limiting instruction should be denied.

Likewise, Defendant's request for the word "alien" to be redacted from the warrant of deportation documents should be denied. Defendant contends this word should be redacted pursuant to Rule 403. As discussed above, the word alien in and of itself is not so prejudicial as to unduly influence the jury in its decision making. Indeed, one of the elements the Government has to prove at trial is that Defendant is an alien; a Section 1326 prosecution cannot go forward without references being made to Defendant's alienage. Removal of references to alienage on the warrants of deportation would prevent the Government from presenting a complete picture of the deportation proceedings.

**12.   <u>GRANT LEAVE TO FILE FURTHER MOTIONS</u>**

The Government does not object to the granting of leave to file further motions as long as the order applies equally to both parties and any additional defense motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion.

//
//
//
//

**III**

**CONCLUSION**

For the foregoing reasons, the United States respectfully asks that the Court deny Defendant's motions where indicated.

DATED: April 7, 2008.

                                     Respectfully submitted,

                                     KAREN P. HEWITT
                                   United States Attorney

                                   s/ Peter J. Mazza
                                   PETER J. MAZZA
                                   Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07-CR-3190-JAH |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| JOSE REYMUNDO CONTRERAS-HERNANDEZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the Government's Motions in Limine on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Candis Mitchell, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 7, 2008.

                                      s/ Peter J. Mazza
                                      PETER J. MAZZA