```
 1   KAREN P. HEWITT
     United States Attorney
 2   PETER J. MAZZA
     Assistant U.S. Attorney
 3   California State Bar No. 239918
     Federal Office Building
 4   880 Front Street, Room 6293
     San Diego, California 92101-8893
 5   Telephone: (619) 557-5528

 6   Attorneys for Plaintiff
     United States of America
 7
```

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 07cr3190-JAH |
|---|---|---|
| | ) | |
| | ) | DATE: May 13, 2008 |
| Plaintiff, | ) | TIME: 1:00 p.m. |
| | ) | |
| v. | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF |
| JOSE RAYMUNDO | ) | MOTION TO QUASH SUBPOENA |
| CONTRERAS-HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**I**

**INTRODUCTION AND FACTUAL BACKGROUND**

On May 8, 2008, Defendant Jose Raymundo Contreras-Hernandez, through his attorney, caused a Rule 17 subpoena for oral testimony to be served on Border Patrol Agent Sergio Narvaez. The subpoena, a copy of which is attached as Exhibit 1, requires Agent Narvaez to appear before this Court at 9:00 a.m. on May 13, 2008 at Defendant's trial. The subpoena does not contain any information that is being sought from Agent Navaez.

The subpoena was accompanied by a letter from Defendant's counsel, attached as Exhibit 2. The May 8, 2008 letter seeks

Agent Narvaez's testimony pursuant to 6 C.F.R. § 5.42 *et. seq.* and 28 C.F.R. § 16.23. The letter states that the trial testimony sought to be elicited from Agent Narvaez "regarding [his] involvement in the subject case." Furthermore, it states that "[t]he nature and relevance of your testimony is obvious since you were the officer at the primary inspection area on the day of Mr. Contreras-Hernandez's arrest." Other than the letter, the subpoena was not accompanied by an affidavit nor any other statement detailing the nature and relevance of the testimony sought from Agent Narvaez.

The United States therefore respectfully moves the Court to quash the aforementioned subpoena because the Defendant has made no threshold showing of the relevance of this information as is required by Rule 17 of the Federal Rules of Criminal Procedure.

**II**

**ARGUMENT**

**1.   The Subpoena Should be Quashed Because Defendant Has Made No Showing That The Testimony Is Relevant And Material**

The United States moves to quash the subpoena that was served on Agent Narvaez as the subpoena fails to satisfy Federal Rule of Criminal Procedure 17(b), which states, in pertinent part, that he Court shall issue a subpoena "upon a satisfactory showing that . . . the presence of the witness is necessary for an adequate defense." Relevance, admissibility and specificity are threshold questions that the Court must confront when considering enforcement of Rule 17 subpoenas. United States v. Nixon, 418 U.S. 683 (1976). Evidence which is not relevant is not

2

1  admissible. Fed. R. Evid. 402. In order for evidence to be
2  relevant, it must be probative of the matter it is offered to
3  prove. Fed. R. Evid. 401.
4  The burden of establishing the need for a witness falls on
5  the party seeking compulsory process under Rule 17. See United
6  States v. Sims, 637 F.2d 625, 629 (9th Cir. 1980) (holding that
7  trial court may refuse to issue subpoena where request is
8  untimely, where information sought is cumulative, or where
9  defendant fails to make a sufficient showing of need). A
10 defendant who seeks the issuance of a Rule 17 subpoena bears the
11 burden must establish that the testimony is "both material and
12 favorable to his defense." United States v. Valenzuela-Bernal,
13 458 U.S. 858, 867, 873 (1982); United States v. Guzman, 852 F.2d
14 1117, 1122 (9th Cir. 1988). Rule 17 is not a discovery device to
15 be used by a defendant to go on a fishing expedition for
16 information that *might* inure to his or her benefit. United States
17 v. Rinchack, 820 F.2d 1557, 1566-67 (11th Cir. 1987).
18 Defendant has made no legal showing of the relevance and
19 materiality of the testimony sought from Agent Narvaez. The only
20 mention of the testimony's relevance is in the letter that
21 accompanied the subpoena from defense counsel that states: "The
22 nature and relevance of your testimony is obvious since you were
23 the officer at the primary inspection area on the day Mr. of
24 Contreras-Hernandez's arrest." (Exh. 2.) Agent Narvaez was not
25 a percipient witness who was not involved in the apprehension of
26 Defendant. Furthermore, as this case involved an alien
27 apprehension in the mountains north of the Tecate, California, it

3

1 | did not take place at a port of entry or internal checkpoint, and
2 | thus, did not involve a primary inspection area. Agent Narvaez
3 | worked at the Campo Border Patrol Station on October 27, 2007 as
4 | a processing agent, not as an "officer at primary inspection."
5 | Unless and until the required showing of relevance and
6 | materiality is made to the satisfaction of the Court, Defendant is
7 | without right to subpoena Agent Narvaez for testimony under Fed.
8 | R. Crim. P. 17. Accordingly, the subpoena should be quashed
9 | because Defendant has failed to demonstrate that Agent Narvaez's
10 | testimony "is necessary for an adequate defense." Fed. R. Crim.
11 | P. 17(b).

### III

### CONCLUSION

For the reasons stated above, the Court should quash the subpoena of Agent Narvaez.

DATED: May 13, 2008

                                        Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        s/ Peter J. Mazza
                                        PETER J. MAZZA
                                        Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 07CR3190-JAH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CERTIFICATE OF SERVICE |
| JOSE REYMUNDO ) | |
| CONTRERAS-HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

IT IS HEREBY CERTIFIED THAT:

I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S MOTION TO QUASH SUBPOENA on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Candis Mitchell, Esq., Federal Defenders of San Diego, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 13, 2008.

/s/ Peter J. Mazza
PETER J. MAZZA

5

Case 3:07-cr-03190-JAH  Document 30  Filed 05/13/2008  Page 6 of 6