# FEDERAL DEFENDERS OF SAN DIEGO, INC.

The Federal Community Defender Organization for the Southern District of California

NBC Building
225 Broadway
Suite 900
San Diego,
California
92101-5030
(619) 234-8467
FAX (619) 687-2666

May 8, 2008

Officer Sergio Narvaez
Customs and Border Protection Officer
San Diego Sector Prosecution
619.498.9851

**SUBJECT:** *United States v. Jose Raymundo Contreras-Hernandez*
*CASE NO. 07cr3190-JAH*

Dear Agent Narvaez:

Pursuant to 6 C.F.R. § 5.42, *et seq.* and 28 C.F.R. § 16.23(c), I am writing to advise you that your attendance is sought in the subject case at the trial scheduled to start at the times and places stated on the accompanying subpoenas.

Please be advised that your testimony is sought regarding your involvement in the subject case. See the attached reports for further details and to refresh your recollection regarding your involvement in this case. If you need further specificity, please contact me immediately. The nature and relevance of your testimony is obvious since you were the officer at the primary inspection area on the day of Mr. Contreras-Hernandez's arrest. Requiring further specificity regarding your testimony would violate Federal Rule of Criminal Procedure 16(b), which omits from discovery witness statements. *See* FED. R. CRIM. P. 16(b)(2)(B). The Federal Rules of Criminal Procedure have the force and effect of a statute and thus trump federal administrative regulations. *United States v. Prieto-Villa*, 910 F.2d 601, 609 (9th Cir. 1990); *see also* 28 U.S.C. § 2072(b) ("All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.").

The requirement of 6 C.F.R. § 5.42, *et seq.* and 28 C.F.R. § 16.23(c) that a defendant submit to the government a summary of the testimony sought allows the government to unilaterally obtain pretrial information from the defendant before the defendant is successful in obtaining trial evidence, contrary to the express provisions of Rule 16(b) and due process. *See Wardius v. Oregon*, 412 U.S. 470, 472 (1973) (holding that discovery requirements imposed on a criminal defendant must be reciprocal to comport with due process requirements); *United States v. James*, 169 F.3d 1210, 1214 (9th Cir. 1999) (en banc) (The "[courts] should not have one rule for the prosecution and another rule for the defense.").

If you have any questions, please can call me at (619) 685-3717 or my investigator Liliana Perez at (619) 234-8467.

Sincerely yours,

*Candis Mitchell*

**CANDIS MITCHELL**
**Trial Attorney**

Attachments: (1) Subpoenas; (2) Report of Investigation; (3) Indictment